a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MORRIS EDWARDS,**<br>Petitioner | **CIVIL ACTION NO. 5:18-CV-504-P** |
| **VERSUS** | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN,**<br>Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Morris Edwards ("Edwards") (#347765). Edwards is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Edwards complains he is innocent of a burglary charge pending against him. Edwards seeks the dismissal of the state charge and monetary compensation.

Edwards's petition should be denied and dismissed because Edwards is not entitled to the dismissal of a pending state criminal charge, and monetary damages are not available in a federal habeas corpus proceeding.

I. **Background**

Edwards has been charged with multiple counts of burglary, including the burglary of Great Raft Brewing. (Doc. 1, p. 1). Edwards claims that the charge was fabricated, and he is innocent. Edwards asks that the charge be dropped, and that he be awarded one million dollars in damages. (Doc. 5, p. 8).

II. <u>Law and Analysis</u>

A. <u>Edwards has not exhausted state remedies.</u>

Edwards is a pre-trial detainee challenging a pending Louisiana criminal prosecution. Edwards seeks relief pursuant to § 2241, which applies to persons in custody awaiting trial. See <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998); <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987).

A petitioner seeking federal habeas corpus relief under § 2254 cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. See 28 U.S.C. § 2254(b); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." <u>Dickerson</u>, 816 F.2d at 225. In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his habeas corpus claims. See <u>Anderson v. Harless</u>, 459 U.S. 4 (1982).

There is no express statutory requirement that a pre-trial detainee exhaust state court remedies prior to asserting a § 2241 claim in federal court. However, the jurisprudence requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. See <u>Dickerson</u>, 816 F.2d at 224–225; <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489–90 (1973); <u>Robinson v. Wade</u>, 686 F.2d 298, 303 n.8 (5th Cir. 1982) ("Although section

2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation."). Edwards has not exhausted available state court remedies.

Even if Edwards had fully exhausted his available state court remedies, federal intervention into this pending prosecution is foreclosed by jurisprudence. A federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a habeas petition may be resolved either by a trial on the merits in the state court or other state court proceedings. See Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489–92). This jurisprudential requirement has been imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493; Dickerson, 816 F.2d at 225–226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. Dickerson, 816 F.2d at 225. In Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

Brown, 530 F.2d at 1283.

3

Edwards asks that the burglary charge against him related to Great Raft Brewing be dismissed because he is innocent. This issue must be initially resolved by Louisiana's criminal justice system.

### B. Edwards cannot recover monetary damages.

Edwards seeks one million dollars in damages. However, damages are not available in federal habeas corpus proceedings. See Preiser v. Rodriguez, 411 U.S. 475, 493 (1973).

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Edwards's § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the

factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>7th</u> day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5